# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of<br><br>Attorneys Suspended or Disbarred by the State Bar of California | CASE NO. 19-mc-00126<br><br>**ORDER OF SUSPENSION**<br><br>[**Dkt. No. 103**] |

On January 29, 2019, this Court ordered Attorney Lenore LuAnn Albert (CA State Bar #210876) to show cause why she should not be suspended or disbarred from practice in this Court due to her suspension by the State Bar of California. Dkt. No. 1.

Albert filed a response on April 12, 2019, one week after the Court's twice-extended deadline of April 5, 2019. Dkt. Nos. 89, 102, 103. The 52-page response—which lacks both a table of contents and table of authorities, and attaches over 10,000 pages of documents related to her disciplinary proceedings—is often incomprehensible and fails to provide the Court with an organized and clear roadmap of her claims. Dkt. No. 103. Albert did not file a declaration authenticating her statements or produce a certified copy of the record from her disciplinary proceedings as required by Civil Local Rule 83.5.d. Additionally, her response is largely devoid of relevant factual citation to the record and proper legal citation to case law.

//
//

Under this Court's Local Rules, an attorney opposing prospective discipline by this Court may file a response setting forth facts establishing one or more of the following:

 (i) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

 (ii) There was such infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s) on that subject;

 (iii) Imposition of like discipline would result in a grave injustice; or

 (iv) Other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s).

CivLR 83.5.d. In examining state disciplinary proceedings, federal courts must accord a presumption of correctness to the state court factual findings. *Gadda v. Ashcroft*, 377 F.3d 934, 943 (9th Cir. 2004); *see also In re Kramer*, 282 F.3d 721, 725 (9th Cir. 2002). The attorney who is the subject of the proceeding bears the burden of demonstrating by clear and convincing evidence that one of the circumstances set forth above applies. *Id*. Albert has not shown that any of these deficiencies are present in this case.

According to the State Bar's website, Albert has been the subject of two State Bar disciplinary proceedings[1] and is not eligible to practice law in California. In 2016, after a three-day trial a hearing judge found Albert culpable of three counts of misconduct for failing to obey four Superior Court orders to pay sanctions and refusing to cooperate with

---

[1] In her other State Bar disciplinary proceeding, in 2019, a hearing judge after a three-day trial found Albert culpable of six charges, including failing to return $20,000 she had charged to a client for work she did not perform and refusing to return client property. Hearing Dept. of Cal. State Bar Ct., Case No. 16-O-12958, Decision at 1-2. The hearing judge recommended discipline including a six-month actual suspension extending until Albert made restitution. *Id*. at 1, 19. Albert's appeal was dismissed by the Review Department after she failed to pay the trial transcript cost. Review Dept. of Cal. State Bar Ct., Case No. 16-O-12958, Order at 1. Albert sought review by the Supreme Court of California, but her motion was denied on July 10, 2019 and the recommended discipline was imposed. *See* Dkt. entries dated May 29, 2019 and July 10, 2019, *Albert on Discipline*, Case No. S254967. On July 25, 2019, Albert sought a rehearing; her petition is now pending. *See id.* at Dkt. entries dated July 25, 2019 and July 29, 2019.

the resulting investigation. Hearing Dept. of Cal. State Bar Ct., Case No. 15-O-11311, Decision at 1-9. The hearing judge recommended discipline including a thirty-day actual suspension continuing until Albert paid the sanctions. *Id.* at 1, 13-15. Albert appealed but on June 30, 2017 the State Bar Review Department found that Albert had received a fair trial, failed to cooperate with the State Bar investigation, and disobeyed three of the four orders to pay sanctions. Review Dept. of Cal. State Bar Ct., Case No. 15-O-11311, Opinion at 1. The Supreme Court of California denied Albert's petition for review on December 13, 2017 and imposed the recommended discipline. *See* Dkt. entry on December 13, 2017, *Albert on Discipline*, Case No. S243927. Her petition for rehearing was denied on February 14, 2018 (*see id.* at Dkt. entry on February 14, 2018), and on October 1, 2018, the Supreme Court of the United States denied Albert's petition for writ of certiorari (*Albert v. State Bar of California*, Case No. 17-9047). In her response, Albert admits that she has not made the payments required for her suspension to be lifted and thus remains suspended from the practice of law. Dkt. No. 103 at 3.

Albert fails to set forth facts that demonstrate that any of the circumstances under Local Rule 83.5.d apply. Despite submitting to the Court thousands of pages of documents and lengthy briefing, Albert does not cite to the exhibits leaving the Court unable to find support for her claims. "In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997). "Judges are not like pigs, hunting for truffles buried in briefs," and thus the burden does not fall on the Court to sift through the extensive record to find what Albert is referring to. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also In re Kramer*, 282 F.3d at 725 (it is the attorney's burden to demonstrate, by clear and convincing evidence, that reciprocal discipline should not be imposed). Albert has not met her burden. *Id.*

The Court finds that the State Bar's disciplinary procedures complied with due process. Albert was given notice and an opportunity to be heard, and she has failed to

produce evidence establishing that she was deprived of due process. Additionally, the Court finds that Albert has failed to establish that there was insufficient evidence establishing her misconduct; that the imposition of reciprocal discipline would result in a grave injustice; or that there are other substantial reasons why the findings of the state courts should be rejected.[2]

Civil Local Rule 83.3.c.1.a provides that "continuing membership in the bar of this court is limited to attorneys of good moral character who are active members in good standing of the State Bar of California." Albert is not an active member of the State Bar of California. While an attorney subject to discipline is entitled to procedural due process, this requirement was satisfied when she was given the opportunity to respond, so she is not entitled to an oral or evidentiary hearing. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d. 1112, 1118 (9th Cir. 2000). Her request for an evidentiary hearing is therefore denied. Dkt. No. 103 at 51-52. Albert is suspended from the bar of this Court unless and until she provides evidence that she has been reinstated as an active member in good standing of the State Bar of California.

**IT IS SO ORDERED**.

Dated: August 19, 2019

_____
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[2] Although the Court does not explicitly address each of Albert's arguments in her response, the Court has reviewed the record, and considered and rejected each of her arguments.

- 4 -